UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| GRACIE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1349 (ESH) |
| | ) | |
| UNITED STATES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

On August 29, 2013, plaintiff Gracie Davis filed a *pro se* complaint in D.C. Superior Court alleging that her supervisor and another manager at the Department of Veterans Affairs harassed her, ridiculed her, yelled at her, confined her against her will, and denied her union representation. (*See* Compl. [ECF No. 1-1], at 6.) On the same day, she also filed a motion for a temporary restraining order to protect her from further harassment and abuse by these two individuals. (*See* Mot. for TRO [ECF No. 1-2], at 2.) Pursuant to the Westfall Act, 28 U.S.C. 2769, the United States Attorney's Office for the District of Columbia certified that at the time of the underlying events, the named defendants were employees of the United States government acting within the scope of their employment. (*See* Notice of Removal of a Civil Action [ECF No. 1], at 2.) Defendants removed the case to federal court and filed a motion to dismiss. (*Id.*) For the reasons discussed below, this motion will be granted.

**FACUTAL BACKGROUND**

Plaintiff Gracie Davis is employed by the United States Department of Veterans Affairs ("VA"). On August 29, 2013, she filed a complaint in D.C. Superior Court against two of her

1

co-workers, Christine A. Hernandez (her immediate supervisor) and Donyale E. Smith (another manager). Her complaint consisted of a one-page handwritten form, two "voluntary witness statements," and three pages of medical records. (*See* Compl. at 6-17.) Though the civil complaint form included a space to make a demand for damages, Davis left it blank. (*Id.*)

In the complaint and the attached witness statements, Davis briefly described the two incidents that form the basis for her claim. Davis alleged that on August 7, 2013, Hernandez came to her office and became "very irate, yelling, pointing her finger and objects [including papers] in . . . [Davis'] face." (Compl. at 6.) She further alleged that Hernandez publicly berated her in front of her co-workers, threatened her, and also "impede[d] [her] personal body space . . . [and] confined [and] pinned [her] to [her] desk . . . against [her] will. . . ." (*Id.* at 6, 9) Davis was "so upset" that she was "relieved of duty and put on meds." (*Id.* at 6) On August 23, 2013, Davis called the Metropolitan Police Department after Hernandez and Smith allegedly "harassed [her], yell[ed] at [her], denied [her] union representation . . . [and] held [her] in a room against [her] will. (*Id.* at 6, 15). In addition to filing the complaint form, Davis also filed a motion for a Temporary Restraining Order ("TRO") seeking an "order[] of protection" to prevent further "harass[ment] and abuse" by Hernandez and Smith. (Mot. for TRO at 2.)

On September 6, 2013, Daniel F. Van Horn, the Chief of the Civil Division of the United States Attorney's Office for the District of Columbia, certified that Smith and Hernandez were federal employees acting within the scope of their employment when the underlying incidents occurred. (Notice of Removal at 2.) Based on this certification, the United States was substituted as the defendant and the case was removed to federal court. *See* 28 U.S.C. § 2679(d)(2). Plaintiff then filed a motion to remand the case to D.C. Superior Court, which this Court denied on October 24, 2013. (Order [ECF No. 8].)

The precise contours of plaintiff's legal claims are not entirely clear from her complaint, motion for a TRO, or the opposition filed in response to defendant's motion to dismiss. (*See* Notice of Request for Denial of Defs. Request of Dismissal of Pltf.'s Current Case Moved by Defs. to the Washington DC Federal Court [ECF No. 10] ("Opp.").) That said, the Court must construe a *pro se* plaintiff's motion broadly and look to the relief sought to infer the claims made wherever possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bradley v. Smith,* 235 F.R.D. 125, 127 (D.D.C. 2006) ("[P]leadings filed by *pro se* litigants are liberally construed, and are held to less stringent standards than are applied to pleadings prepared by attorneys."). Applying this standard, the Court will view Davis' complaint as alleging all possible legal theories that could apply: (1) intentional torts (battery, assault, false imprisonment, and intentional infliction of emotional distress); (2) discrimination in violation of Title VII (harassment and hostile work environment); (3) a violation of the Administrative Procedure Act; and (4) a violation of her right to due process under the Fifth Amendment. The Court will consider each of these claims in turn.

## ANALYSIS

### I. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(1), plaintiffs must demonstrate that the court has jurisdiction. *See Khadr v. United States,* 529 F.3d 1112, 1115 (D.C. Cir. 2008). Since district courts are courts of limited jurisdiction, the inquiry into "subject matter jurisdiction is, of necessity, the first issue for an Article III court." *Loughlin v. United States,* 393 F.3d 155, 170 (D.C. Cir. 2004) (internal quotation marks omitted). In "determining the question of jurisdiction, federal courts accept the factual allegations contained in the complaint as true . . . . Moreover, the Court can consider material outside of the pleadings when determining whether it has

jurisdiction." *Halcomb v. Office of the Senate Sergeant-At-Arms,* 563 F. Supp. 2d 228, 235 (D.D.C. 2008).

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). This facial plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556,). "[A] complaint [does not] suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly,* 550 U.S. at 557) (some alteration marks omitted). In addition to the allegations made within the four corners of plaintiff's complaint, the Court is permitted to consider "any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." *See EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## II. Plaintiff's Battery, Assault, False Imprisonment, and IIED Claims

Though she failed to include any specific damage demand in her complaint, the Court will construe Davis' complaint as alleging that Hernandez and Smith committed the intentional torts of battery, assault, false imprisonment and intentional infliction of emotional distress ("IIED") during the two incidents described above.[1] Yet, because the named defendants committed the underlying acts during the course of their government duties and plaintiff is

---

[1] In plaintiff's opposition she states that she was "held against her will/battery [and] put into abnormal fear and duress . . . ." (Opp. at 4); *see also, e.g.*, *Banks v. Harrison*, 864 F. Supp. 2d 142, 147 (D.D.C. 2012) (characterizing a similar situation in which the plaintiff "allegedly feared physical harm from the defendant's shouting, pointing his finger, and threatening legal action" as assault) (citing *Koch v. United States*, 209 F. Supp. 2d 89, 94 (D.D.C. 2002)); *DeWitt v. D.C.*, 43 A.3d 291, 295 (D.C. 2012) ("The gist of any complaint for . . . false imprisonment is an unlawful detention. . . ." (internal citation omitted)).

4

herself a federal employee, the Court lacks subject-matter jurisdiction over these claims to the extent they seek money damages.[2]

Under the Federal Employees Liability Reform and Tort Compensation Act of 1988, federal employees have absolute immunity for torts committed during the course of their official duties. *See Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)). Where, as in this case, the Attorney General or his designee certifies that the actions of government employees for which they are being sued were taken in the course of their official duties, the "employee[s are] dismissed from the action, and the United States is substituted as defendant in place of the employee[s]."[3] *Osborn*, 549 U.S. at 230.

It is well-established that under the doctrine of sovereign immunity, an individual may not bring a tort claim against the federal government absent an explicit waiver by Congress. *See, e.g.*, *FDIC v. Meyer,* 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in

---

[2] Insofar as plaintiff's complaint seeks to rely on prior tortious conduct as a basis for enjoining the named defendants from engaging in similar tortious conduct in the future, she has come to the wrong place. (*See* Mot. for TRO at 2.) Courts are not in the business of enjoining future actions of specific government officials, even in their individual capacities. *See Simpkins v. Shalala*, 999 F. Supp. 106, 119-20 (D.D.C. 1998) (holding that the FTCA represents the exclusive remedy for torts committed by the government and that government employees are immune from injunctive relief for intentional torts committed during the course of their business); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 99 (D.D.C. 1999) (holding that individual government officials are not immune from injunctive relief arising from their intentional torts, but that "an award of injunctive relief . . . cannot be imposed on [government] officials in their individual capacities.") As the D.C. Circuit has explained in other contexts, federal courts are not "super-personnel department[s] that reexamine[] an entity's business decisions." *Barbour v. Browner*, 181 F.3d 1342, 1346 (D.C. Cir. 1999) (citing *Dale v. Chicago Tribune Co.,* 797 F.2d 458, 464 (7th Cir. 1986)). Though in theory the Court could construe plaintiff's claim as a request for mandamus to compel federal employees not to act in a particular way, the federal mandamus statute is insufficient because, unlike the FTCA, it does not constitute a waiver of sovereign immunity. *See Washington Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996). To sufficiently protect herself from future disputes plaintiff may best be served by invoking the appropriate administrative procedures that govern her workplace.

[3] While plaintiff has the right to challenge this certification, the evidence presented to this Court overwhelmingly demonstrates that Hernandez and Smith engaged in the allegedly improper behavior during the course of their employment as managers at the VA.

nature." (internal citations omitted)). Where a plaintiff seeks money damages for torts committed by federal employees in the course of their employment, they must rely on the waiver of sovereign immunity found in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). However, plaintiff is unable to rely on the FTCA to bring her tort claims for three reasons.

First, she is a federal employee and under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq.*, federal employees are statutorily precluded from bringing suits for money damages for injuries sustained during the course of their employment.[4] *See id.* § 8116(c); *Avile-Wynkoop v. Neal*, 2013 WL 5739214, at *2 (D.D.C. Aug. 27, 2013). Second, the FTCA expressly excludes from its waiver of sovereign immunity cases "arising under" intentional torts including battery, assault, and false imprisonment unless such acts are committed by "investigative or law enforcement officers." *See Tolson v. Stanton*, 844 F. Supp. 2d 53, 57 (D.D.C. 2012) (citing 28 U.S.C. § 2680(h)). Because neither Hernandez nor Smith are investigative or law enforcement officers, the plaintiff has no basis on which to rely on the FTCA waiver of sovereign immunity for her battery, assault, and false imprisonment claims. Third, in order to bring suit under the FTCA, a plaintiff must have exhausted all available administrative remedies. This requires her to have "(1) presented a federal agency with a claim describing, with particularity, the alleged injury and damages and (2) received either a written denial of the claim from the agency or waited six months from the date of filing without

---

[4] The D.C. Circuit has not yet decided whether FECA covers claims for IIED. *Kalil v. Johanns*, 407 F. Supp. 2d 94, 100 (D.D.C. 2005) ("To date, our Circuit Court has not addressed whether the tort of [IIED] falls within the scope of an 'injury' covered by FECA, and those Circuits that have are in disagreement on this point.") That said, in the Court's view, 5 U.S.C. § 8116(c) does not seem to distinguish IIED from other intentional torts on its face when its states that "[t]he liability of the United States . . . with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States." Dismissal of her IIED claim is therefore appropriate on this ground, as well as the fact that plaintiff did not exhaust her administrative remedies.

obtaining a final agency disposition. Failure to comply with the administrative requirements of the FTCA deprives the Court of jurisdiction to hear the case." *Smalls v. Emanuel*, 840 F. Supp. 2d 23, 25 (D.D.C. 2012) (citing *Totten v. Norton,* 421 F. Supp. 2d 115, 122 (D.D.C. 2006)); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.") Based on the complaint and other court filings, it is clear that plaintiff has not yet exhausted these administrative remedies under the FTCA.

For each of these reasons, the Court does not have subject-matter jurisdiction over plaintiff's tort claims, and they will be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### III. Discrimination

In her opposition, plaintiff argues that Hernandez "continues to supervise her in a bias [sic] matter." (Opp. at 3.) However, insofar as the Court construes plaintiff's complaint as an allegation that she was harassed and subjected to a hostile work environment, her complaint also must be dismissed for lack of subject-matter jurisdiction. In 42 U.S.C. § 2000e-16, Congress extended the protection of Title VII to federal employees and waived sovereign immunity to permit them to sue the "head of the department, agency, or unit, as appropriate." Therefore, because plaintiff did not bring her discrimination claims against the proper defendant (in this case, the Secretary of the VA), the Court has no choice but to dismiss her discrimination claims for lack of subject-matter jurisdiction.

Plaintiff could rectify this procedural defect by filing an amended complaint identifying the proper defendant. However, even if she were to do so, this Court would still be forced to dismiss her harassment claims for failure to exhaust the administrative remedies available to her under Title VII. *See* 42 U.S.C. §2000e; 29 C.F.R. § 1614.407.

Prior to filing a discrimination lawsuit under Title VII, an employee must contact an Equal Employment Opportunity counselor within 45 days of the allegedly discriminatory act and, after a final interview, file a formal administrative complaint. *See* 29 C.F.R. § 1614.105(a)(1). The agency then has 180 days to investigate the complaint. Only after that time has lapsed or after the agency has issued a final decision is the employee permitted to pursue his or her discrimination claims in federal court. *See* 42 U.S.C. §2000e; 29 C.F.R. § 1614.407. As the D.C. Circuit has explained, "[c]omplainants must timely exhaust these administrative remedies before bringing their claims to court." *Bowden v. United States,* 106 F.3d 433, 437 (D.C.Cir.1997) (citing *Brown v. Gen. Serv. Admin.,* 425 U.S. 820, 832-33 (1976)). In this case, Davis filed her only EEO complaint on May 22, 2013. Not only had the requisite 180 days not elapsed when she filed this complaint in D.C. Superior Court, but more importantly, the EEO complaint could not have relied upon the events which took place on August 7, 2013 and August 23, 2013 at issue in this case.[5]

**IV. APA Claim**

In her opposition, plaintiff also argues that the actions taken by Hernandez and Smith are "not those of . . . normal . . . work and easily seen as '[a]rbitrary and [c]apricious' behavior" and that the VA "failed to follow government procedure." (Opp. at 3-4.) Based on the nature of the allegations and the terms used by plaintiff, the Court will construe this as an attempt to invoke the Administrative Procedure Act ("APA")—another limited waiver of sovereign immunity. 5 U.S.C. § 701, *et seq*. The APA "establishes a cause of action for those 'suffering legal wrong

---

[5] Even if the Court were to find that plaintiff sufficiently exhausted her administrative remedies and that she was able to clear the jurisdictional threshold of Fed. R. Civ. P. 12(b)(1), the Court would almost certainly be forced to dismiss her discrimination allegations for failure to state a claim under Fed. R. Civ. P. 12(b)(6). As defendant correctly points out, plaintiff has failed to identify any protected classification that would support a discrimination claim under Title VII and, for purposes of her hostile work environment claim, she has not plead any facts to support a claim that she was subjected to pervasive harassment. *See, e.g.*, *Stewart v. Evans*, 275 F. 3d 1126, 1134 (D.C. Cir. 2002) ("Even a few isolated incidents of offensive conduct do not amount to actionable harassment.").

because of agency action, or adversely affected or aggrieved by agency action.'" *Koretoff v. Vilsack,* 614 F.3d 532, 536 (D.C. Cir. 2010) (quoting 5 U.S.C. § 702). APA relief is only permitted where the plaintiff is seeking relief "other than money damages." 5 U.S.C. § 702. The APA also "excludes from its waiver of sovereign immunity . . . claims seeking relief expressly or impliedly forbidden by another statute." *See Avile-Wynkoop v. Neal*, 2013 WL 5739214, at *2 (D.D.C. Aug. 27, 2013) (citing *Transohio Savings Bank v. Director, Office of Thrift Supervision*, 967 F. 2d 598, 607 (D.C. Cir. 1992)).

Under this standard, plaintiff has not alleged sufficient facts to bring a legal claim under the APA. First, any claims of discrimination by plaintiff may not be brought under the APA. "The Supreme Court has held that Title VII provides the exclusive remedy for claims of discrimination in federal employment. . . . § 2000e-16 forbids injunctive relief except on its own terms. Hence, the APA does not waive sovereign immunity for her employment discrimination claim . . . ." *Avile-Wynkoop v. Neal*, 2013 WL 5739214, at *3 (D.D.C. Aug. 27, 2013) (internal citations and quotation marks omitted). Second, causes of action under the APA are limited to cases that arise from "final agency action." 5 U.S.C. § 704. Here plaintiff does not challenge final agency action. Rather, she merely seeks injunctive relief to compel two specific federal employees to act in a certain way. Therefore, any APA claim that Davis might have must also be dismissed.

## V.     Due Process

Though she did not allege that her constitutional right to due process was violated explicitly in her initial complaint, plaintiff argues in her opposition that "Hernandez and Smith violated . . . [her] [m]ost [b]asic [r]ight of [d]ue [p]rocess, and possibly send a message to Defendant Christine Hernandez [sic] her position allows authority beyond her position." (Opp.

9

at 3.) "The Due Process Clause of the Fifth Amendment provides that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. To trigger due process protections, this court must find that the challenged action impinged on a constitutionally protected interest—life, liberty, or property." *Simpkins v. Shalala*, 999 F. Supp. 106, 118 (D.D.C. 1998). In the Court's view, neither plaintiff's statements in her opposition nor any other allegation made in her complaint constitute a violation of a protected liberty interest. At best, plaintiff's statements are conclusory allegations that her right to due process under law was violated by Hernandez and Smith. Though it is clear that plaintiff believes she was wronged by her supervisors, this does not translate into a due process claim as a matter of substantive law. Therefore, under Fed. R. Civ. P. 12(b)(6), her due process claims must be dismissed.

## CONCLUSION

Accordingly, and for the reasons stated above, defendant's motion to dismiss will be **GRANTED** and her motion for a temporary restraining order **DENIED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: January 10, 2014